810 F.2d 201
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John A. HAYNES, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 86-5368.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1986.
 
 UNITED STATES of America, Respondent-Appellee.
 Before LIVELY, Chief Judge, and KEITH and MERRITT, Circuit Judge.
 
 ORDER
 
 1
 The petitioner appeals the judgment denying his motion to vacate sentence under 28 U.S.C. § 2255. He now moves for the appointment of counsel. That motion was referred to this panel for consideration under Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 The petitioner was charged on November 26, 1979, with assault, resulting in serious bodily harm, on a government reservation, i.e., an assault upon a trainee at the Breckenridge Job Corps Center. Upon consultation with appointed counsel, the petitioner pleaded guilty to that charge on December 17, 1979, in exchange for an indeterminate sentence under § 5010(b) of the Federal Youth Corrections Act, 18 U.S.C. § 5010(b) (1982) (repealed 1984).
 
 
 3
 In the present action under § 2255, the petitioner attacks his 1979 conviction on several grounds which may be grouped into four general categories: (1) claims arising from his arrest and questioning; (2) claims alleging the ineffective assistance of counsel in investigating the assault and recommending a guilty plea; (3) claims alleging procedural errors at his plea and sentencing hearing; and (4) claims as to the handling of post-conviction matters. The district court held an evidentiary hearing and appointed counsel to represent the petitioner therein. After hearing the testimony of the petitioner and his appointed trial counsel, the district court concluded the petitioner failed to show either that counsel had not rendered assistance within the range demanded of criminal law attorneys or that he had suffered prejudice as a result of the alleged ineffective assistance. The court specifically observed that the petitioner did not "allege any facts which would lead the Court to a prediction that the evidence likely would have changed the outcome of a trial." This timely appeal followed.
 
 
 4
 We have reviewed the record of this action, including transcripts of the plea and sentencing hearing held on December 17, 1979, and of the evidentiary hearing held on January 30, 1986. We conclude the district court correctly applied the standards for reviewing the alleged ineffective assistance claims as set forth in Hill v. Lockhart, 106 S.Ct. 366 (1985), and did not err in finding the petitioner failed to meet his burdens thereunder. The remaining claims are barred from further review under Tollett v. Henderson, 411 U.S. 258 (1973), refuted on the face of the record, or without merit for purposes of § 2255. We also conclude the district court did not err in denying the petitioner's motions for discovery and for judgment by default.
 
 
 5
 It is ORDERED that the motion for appointment of counsel be and it hereby is denied.
 
 
 6
 Upon examination of the record and the petitioner's informal brief, this panel agrees unanimously that oral argument is not needed in this appeal. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 7
 Therefore, it is ORDERED further that the district court's judgment of March 6, 1986, be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.